UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUITT-ZOLLARS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2198** |
| **MSMM ENGINEERING, LLC** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Huitt-Zollars, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction.[1]  For the following reasons, the Motion is **DENIED**.[2]

### I.   BACKGROUND

Huitt-Zollars filed the instant action on September 6, 2024[3] and moved for a temporary restraining order on the same day.[4]  On September 9, 2024, the parties held a telephone status conference before U.S. District Court Judge Wendy B. Vitter.[5]  Following the status conference, Judge Vitter was recused from this case, which was then transferred to this section.[6]

According to Huitt-Zollars's pending TRO motion, the parties formed a joint venture in November 2020 to perform "professional engineering services" for the federal government pursuant to the Small Business Administration's Mentor-Protégé Program.[7]  The parties'

---

[1] R. Doc. 2.
[2] Because this action is, at its core, essentially one for money damages, the Court, in its discretion, declines to hold a hearing on the instant motion (R. Doc. 2).  *See, e.g.*, *Southpoint Bank v. Origin Bank*, No. 21-CV-156-TSL-MTP, 2021 WL 3742397, at *4 (S.D. Miss. Aug. 24, 2021) ("[A] party's request for a preliminary injunction may be denied without a hearing, despite a request for one, 'when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless.'" (quoting 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2949 (3d ed. 2016)); *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-CV-1651-L, 2016 WL 4944370 (N.D. Tex. Sept. 16, 2016) (denying request for hearing as moot when denying requests for temporary restraining order and preliminary injunction due, in part, to adequacy of money damages).
[3] R. Doc. 1.
[4] R. Doc. 2.
[5] R. Doc. 9.
[6] *Id.*
[7] R. Doc. 2-1 at 2.

relationship is governed by a Joint Venture Agreement (the "JVA"),[8] which provides that each party shall invoice the joint venture after completing work for a federal agency.[9] After the joint venture invoices the appropriate federal agency and receives payment, the joint venture remits payment to the joint venture member or members.[10]

Huitt-Zollars alleges MSMM Engineering, LLC ("MSMM"), in its dual capacity as the joint venture's finance manager and managing party, has wrongfully withheld payment of at least $4,159,096.69 owed to Huitt-Zollars.[11] Huitt-Zollars further alleges MSMM invoiced the joint venture in December 2023 for $675,000 in services not reimbursable under the JVA and paid itself $512,470.80 from the joint venture's coffers without the joint venture's management committee's approval, in violation of the JVA.[12]

Huitt-Zollars seeks a declaratory judgment as to which party rightfully controls the joint venture and, in the interim, requests a temporary restraining order (a "TRO") and preliminary injunction to freeze the funds in the joint venture's bank account.[13] Finally, Huitt-Zollars requests a full accounting of the joint venture's finances.[14]

## II.    LAW AND ANALYSIS

A party seeking a TRO or preliminary injunction must show: (1) a substantial likelihood of success on the merits, (2) a substantial likelihood of irreparable harm, (3) a favorable balance

---

[8] R. Doc. 1-2.
[9] R. Doc. 2-1 at 2.
[10] *Id.* The parties dispute whether payment must be remitted to the party that performed the work or if a 51/49 split applies to all payments received by the joint venture, regardless of which member actually completed the work. *Id.* at 2-3.
[11] *Id.* at 3.
[12] *Id.*
[13] *Id.* at 4.
[14] *Id.*

of hardships, and (4) no adverse impact on the public interest.[15] TROs and preliminary injunctions are "extraordinary remed[ies]" that should not be granted unless the movant "has clearly carried the burden of persuasion on all four requirements."[16]

Assuming, without deciding, that Huitt-Zollars can meet its burden as to the third and fourth elements, its motion nevertheless fails because Huitt-Zollars cannot show a substantial likelihood of success on the merits or irreparable harm. Huitt-Zollars seeks a preliminary injunction and a declaratory judgment that would effectively give it control of the joint venture's bank account and allow it to obtain money damages, arguing MSMM breached the JVA by refusing to distribute funds Huitt-Zollars is owed.[17] Responding to MSMM's contention that Huitt-Zollars first breached the JVA by performing more than 49% of the joint venture's work, Huitt-Zollars asserts that it "had no choice but to step in and do what is necessary to complete the performance of the Joint Ventures' federal contracts."[18] Huitt-Zollars also claims (without submitting documentary evidence) that MSMM "unilaterally paid itself $512,470.80" from the joint venture bank account on July 26, 2024.[19] On the other hand, MSMM contends (also without submitting documentary evidence) there have never been any funds distributed from the joint venture bank account.[20] At this stage, Huitt-Zollars has failed to show it is substantially likely to succeed on the merits.

As to the second element, "a harm is irreparable where there is no adequate remedy at law, such as monetary damages."[21] Though Huitt-Zollars seeks declaratory and injunctive relief, this

---

[15] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012); *see also Star v. Sec'y of U.S. Dep't of Homeland Sec.*, P: 19-CV-053-DC, 2021 WL 2908668, at *1 (W.D. Tex. Apr. 12, 2021) ("Parties seeking a temporary restraining order must establish the same four elements as parties seeking a preliminary injunction.").
[16] *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012).
[17] R. Doc. 2-1 at 8-9.
[18] R. Doc. 7 at 17-18 (citing R. Doc. 1-2 (the JVA) at Section 6.5.1).
[19] R. Doc. 2-1 at 10.
[20] R. Doc. 2-6 at 1; *see also* R. Doc. 7 at 8-9.
[21] *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011).

action is essentially one for monetary damages,[22] and none of the exceptions for extraordinary circumstances detailed in *Janvey*—upon which Huitt-Zollars relies—apply here.[23] Huitt-Zollars does not allege that MSMM might squirrel away the money and then escape this Court's jurisdiction, leaving Huitt-Zollars unable to recover the money it claims it is owed.[24] Nor would Huitt-Zollars need to bring a "multiplicity of actions" to recover damages without the requested TRO or preliminary injunction.[25] Instead, Huitt-Zollars merely alleges it is owed money under MSMM's control and that MSMM might use the money for its legal defense in this action.[26] These allegations, without more, do not indicate why economic damages are unavailable or inadequate. Huitt-Zollars thus fails to show it is at substantial risk of irreparable harm.[27]

### III.   CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana, this 17th day of September 2024.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 2-1 at 9 (Huitt-Zollars argues that a TRO and preliminary injunction freezing the joint venture's bank account are "necessary to maintain the *status quo* and protect the Chase Bank accounts [*sic*] funds.").

[23] *Janvey*, 647 F.3d at 600; *see also SO Apartments, L.L.C. v. City of San Antonio*, 109 F.4th 343, 353 (5th Cir. 2024) (noting that the "special situations that might warrant a finding of irreparable harm notwithstanding the availability of monetary damages" include a "need to file a multiplicity of actions" and the impossibility of reviewing the merits without preliminary injunction).

[24] *Janvey*, 647 F.3d at 600-01.

[25] *Id.* at 600.

[26] R. Doc. 2-1 at 9-10.

[27] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (A showing of "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." (citing *Carter v. Heard*, 593 F.2d 10, 12 (5th Cir. 1979)).